UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ROBBINS,

        Plaintiff,                                  Civil Action No. 17-cv-13839

        v.                                        District Judge George Caram Steeh

COMMISSIONER OF                       Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Gregory Robbins seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 11). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 2.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.      RECOMMENDATION**

        For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 9) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## II.     PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") on February 17, 2015, and applied for Supplemental Security Income ("SSI") on February 19, 2015. (TR 55.) In both applications, Plaintiff alleged that he has been disabled since July 1, 2010, but he later amended his alleged onset date to November 24, 2014. (*Id*.) The Social Security Administration initially denied Plaintiff's claims on July 9, 2015. (*Id*.) On September 6, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge ("ALJ") Crystal White-Simmons. (TR 7-41.) On November 30, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 55-64.) Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on November 7, 2017. (TR 1-3.) On November 29, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 9; docket no. 11.)

## III.    HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues. (Docket no. 9, pp. 6-9.) In addition, the ALJ summarized Plaintiff's medical record (TR 58-62), and Defendant adopted the ALJ's recitation of the facts (docket no. 11, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2016 and that Plaintiff did not engage in substantial gainful activity since July 1, 2010. (TR 57.) In addition, the ALJ found that Plaintiff had the following severe impairments: "spondylolisthesis, lumbar region; other idiopathic scoliosis, lumbar region; radiculopathy, lumbosacral region; dysfunction major joints; hypertension; hyperlipidemia; and umbilical hernia and inguinal hernia." (TR 58.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 CFR 404.1567(c), but with the following non-exertional limitations:

- Plaintiff cannot climb ladders, ropes, or scaffolds;
- Plaintiff can occasionally climb ramps or stairs and can occasionally balance, stoop, kneel, crouch, and crawl; and
- Plaintiff can have no exposure to unprotected heights.

(TR 59.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as a store manager and market manager. (TR 62-63.) Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date. (TR 63.)

**V.    LAW AND ANALYSIS**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether

3

his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

Plaintiff asserts that the ALJ committed two errors. (Docket no. 9, p. 7.) First, Plaintiff contends that the RFC determination is not supported by substantial evidence. Second, Plaintiff alleges that the ALJ failed to articulate good reasons for not crediting the limitations recommended

by his treating physician, Dr. Matthew Sciotti.  For the reasons that follow, it is necessary to address only the second objection.

Plaintiff contends that the ALJ failed to state good reasons for giving only "some weight" to the opinion of his treating physician, Dr. Matthew Sciotti, who opined that Plaintiff should avoid "excessive bending, twisting, lifting and prolonged sitting" and advised Plaintiff "to recline while sitting."  (Docket no. 9, p. 15.)

Under the treating physician rule, the ALJ will give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).  If the ALJ declines to give a treating source's opinion controlling weight, she must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).  The ALJ must also "give good reasons in [her] notice of determination or decision for the weight [given to a] treating source's opinion."  20 C.F.R. § 404.1527(d)(2).  Such good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions*, SSR 96-2P (S.S.A. July 2, 1996).

The ALJ gave only "some weight" to Dr. Sciotti's opinion, reasoning that "the limitations offered are overly vague and somewhat inconsistent with the medical evidence of record."  (TR 61.)  As discussed below, the ALJ's analysis is not "sufficiently specific" regarding the weight

given to Dr. Sciotti's opinion and the reasons for that weight. Accordingly, the ALJ's decision fails to meet the "good reasons" requirement of 20 C.F.R. § 404.1527(d)(2).

Although the ALJ purports to give Dr. Sciotti's statement "some weight," a person reviewing the decision cannot comprehend whether and to what extent the ALJ actually credited Dr. Sciotti's opinion. Notably, the decision includes three statements about Dr. Sciotti's opinion, each of which conflicts with the other two:

1. Dr. Sciotti's opinion "reflects limitations that would fit within the confines of" the ALJ's RFC determination;

2. Dr. Sciotti's opinion is "overly vague;" and

3. Dr. Sciotti's opinion is "somewhat inconsistent with the medical evidence of record."

(TR 61.)

The first statement—that Dr. Sciotti's opinion is consistent with the RFC—clashes with both the second and the third statement. If the opinion is consistent with the RFC, then it has a clear meaning and is not overly vague. Similarly, if the opinion is consistent with the RFC, it should not be inconsistent with the medical evidence of record. Any combination of the above statements results in a similar discrepancy.

Because of this error, the Court should remand the case to the Commissioner of Social Security pursuant to 42 U.S.C. § 405. A court cannot excuse the denial of a mandatory procedural protection simply because there is sufficient evidence in the record for the ALJ to discount the treating source's opinion. *Wilson*, 378 F.3d at 546. "To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with § 1527(d)(2), would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory." *Id.*

7

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 9) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 11) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 5, 2018        s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: October 5, 2018   <u>s/ Leanne Hosking</u>
             Case Manager